■ In the Matter of the Claim of RITA M. AJMERA, Appellant. EDEN PARK HEALTH SERVICES, Respondent; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [639 NYS2d

Claimant was employed by a nursing home as its Director of Resident and Family Services. Claimant received a counseling memo as a result of her failure to report a subordinate's complaint of sexual harassment to upper management and for hiring the subordinate without the proper credentials. According to the employer's representative, claimant was told that she was to keep the information contained in the memo confidential and that if she violated that directive she could be terminated. Claimant admitted that she was told she might be fired if she discussed the memo. The representative explained that the employer wanted the matter kept confidential so that, *inter alia*, the subordinate would feel she had not erred in bringing the matter to management's attention. According to the subordinate, however, claimant discussed the terms of the memo with her and pressured the subordinate into preparing a document exonerating claimant of the improprieties contained in the memo. Claimant was terminated as a result.

The Board denied claimant's application for unemployment insurance benefits, finding that she was terminated for misconduct. Claimant challenges the Board's decision, arguing that she was deprived of due process because the Board failed to give due consideration to an "Agreement and General Release" negotiated by the parties prior to claimant's termination. Among other things, the agreement provided that claimant would resign her position and not pursue a discrimination claim with the State Division of Human Rights in exchange for the employer's not contesting her request for unemployment insurance benefits. This agreement was, however, never signed by the parties.

While claimant asserts that the Board did not give due consideration to this agreement, the record reveals that it was accepted into evidence at the hearing. The fact that greater emphasis was not placed on the agreement does not require reversal of the Board's decision. A review of the record reveals that there is substantial evidence to support the finding of misconduct. Accordingly, we find no reason to disturb the Board's decision.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.